UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FOUNTAINS OF BOYNTON ASSOCIATES, LTD.,

  Debtor.
_____/

Case No. 16-11690-EPK

Chapter 11

### *EMERGENCY* APPLICATION TO EMPLOY BRADLEY SHRAIBERG, ESQ. AND SHRAIBERG, FERRARA & LANDAU, P.A. AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO FEBRUARY 5, 2016

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**Pursuant to Local Rule 9010-1(b)(1), a corporation or other artificial entity generally cannot appear or act on its own behalf without an attorney in a case or proceeding. Fountains of Boynton Associates, Ltd. therefore requests that its application to employ Shraiberg, Ferrara & Landau, P.A. as general bankruptcy counsel be heard on or before February 18, 2016.**

Fountains of Boynton Associates, Ltd. (the "Debtor") requests the entry of an order, *nunc pro tunc* to February 5, 2016, pursuant to § 327(a) of the Bankruptcy Code, authorizing the employment of Bradley Shraiberg, Esq. and the law firm of Shraiberg, Ferrara & Landau, P.A. (together, "SFL") to represent the Debtor in the above-captioned case, and states:

  1.  On February 5, 2016 (the "Petition Date") the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

  2.  The Debtor is operating its business and managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in the case.

{2056/000/00317205}

3.     The Debtor believes that it is in the best interest of the estate to retain SFL as general bankruptcy counsel.  Specifically, the Debtor believes that the attorneys of SFL have considerable experience in matters of this character, and are qualified to practice in this Court and to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties in these proceedings.

4.     The professional services SFL will render are summarized as follows:

a.     To advise the Debtor generally regarding matters of bankruptcy law in connection with this case;

b.     To advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the case and U.S. Trustee Guidelines related to the daily operation of its business and administration of the estate;

c.     To represent the Debtor in all proceedings before this Court;

d.     To prepare and review motions, pleadings, orders, applications, adversary proceedings, and other legal documents arising in the case;

e.     To negotiate with creditors, prepare and seek confirmation of a chapter 11 plan and related documents, and assist the Debtor with implementation of any plan; and

f.     To perform all other legal services for the Debtor that may be necessary herein.

5.     It is necessary for the Debtor to employ an attorney to perform such professional services.  SFL has agreed to perform said services at the following hourly rates: $125.00 for legal assistants and $300.00 to $500.00 for attorneys.  The hourly rate of Mr. Shraiberg is $500.00. Under applicable provisions of the Bankruptcy Code, and subject to the approval of the Court,

the Debtor proposes to pay SFL its aforementioned standard hourly rates and reimburse SFL for expenses according to SFL's customary reimbursement policies.

6. The hourly rates discussed above are SFL's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis, to reflect, among other things, experience and seniority.

7. Prior to the filing of the case, SFL received a $41,717.00 retainer, which includes the filing fee of $1,717.00. The retainer was provided by Boynton Waters Realty, Inc., a third party Florida corporation of which John Kennelly is the president and vice-president. (Mr. Kennelly is also the president and vice-president of the Debtor.)

8. As set forth in the Affidavit of Proposed Attorney for the Debtor sworn to by Mr. Shraiberg (the "Shraiberg Affidavit"), to the best of his knowledge, neither Mr. Shraiberg nor SFL represents any interest adverse to the Debtor, its estate, or its creditors. Notwithstanding the foregoing, in the interest of disclosure, John Kennelly is a managing member and/or individual representative of the following limited liability companies: Enclave at Hillsboro, LLC; Hillsboro Mile Properties, LLC; Antipodean Properties, LLC; Remi Hillsboro, LLC; Kerekes Land Trust Properties, LLC; Estates of Boynton Waters Properties, LLC; Enclave at Boynton Waters Properties, LLC; and Lake Placid Waterfront Properties, LLC (together, the "Companies"). The Companies have each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and their jointly-administered cases are pending in this Court. *See In re Enclave at Hillsboro, LLC, et al.*, Lead Case No. 15-26155-EPK.

9. The Shraiberg Affidavit is attached to this Application as **EXHIBIT "A"**.

{2056/000/00317205}                                                   3

## REASON FOR EXIGENCY

10. In order for the Debtor to begin the process of reorganizing under it will require the immediate employment of counsel that specializes in chapter 11. As stated above, SFL has considerable experience with matters of this character. Thus, the Debtor requests that the Court grant the application for employment of SFL on an expedited basis.

**WHEREFORE**, the Debtor respectfully requests an order authorizing the retention of SFL *nunc pro tunc* to February 5, 2016, and for such further relief as is equitable and just.

Respectfully submitted,

Fountains of Boynton Associates, Ltd.

_____
John Kennelly

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 11th day of February, 2016.

    Respectfully submitted,

    SHRAIBERG, FERRARA & LANDAU, P.A.
    Proposed Attorneys for the Debtor
    2385 NW Executive Center Drive, #300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    Facsimile: 561-998-0047
    bshraiberg@sfl-pa.com
    pdorsey@sfl-pa.com

 By: /s/ Patrick Dorsey
    Bradley S. Shraiberg
    Florida Bar. No. 121622
    Patrick Dorsey
    Florida Bar No. 0085841

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FOUNTAINS OF BOYNTON ASSOCIATES, LTD.,

Case No. 16-11690-EPK

Debtor.

Chapter 11

_____/

### AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR

Bradley S. Shraiberg, being duly sworn states:

1. My name is Bradley S. Shraiberg. I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.

2. I am a partner at Shraiberg, Ferrara & Landau, P.A. ("SFL"), with offices located at 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. I am familiar with the matters set forth herein and make this affidavit in support of the application of the above-captioned debtor for approval of the employment of SFL as general bankruptcy counsel (the "Application").

3. Unless it otherwise states, this Affidavit is based upon facts of which I have personal knowledge.

4. In preparing this Affidavit, I have reviewed a list of Fountains of Boynton Associates, Ltd.'s (the "Debtor") secured creditor(s) and unsecured creditors. I compared this information with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this affidavit as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors and the United States Trustee, and other persons employed by the Office of the United States Trustee, and those persons and entities

who are defined as disinterested persons in § 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have conducted a search of our firm's records and disseminated a request for information to all of the attorneys in our firm regarding connections to the Debtor's creditors. Based upon our search, our firm does not represent any entity in any matter which would constitute a conflict of interest or otherwise impair the disinterestedness of our firm.

5. Our law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm and it is a regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining the information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. A search of our firm's conflict check index system reveals that our firm does not presently represent any parties with interests adverse to the Debtor's estates.

7. Notwithstanding the foregoing, in the interest of disclosure, the president of the Debtor, John Kennelly, is a managing member and/or individual representative of the following limited liability companies: Enclave at Hillsboro, LLC; Hillsboro Mile Properties, LLC; Antipodean Properties, LLC; Remi Hillsboro, LLC; Kerekes Land Trust Properties, LLC; Estates of Boynton Waters Properties, LLC; Enclave at Boynton Waters Properties, LLC; and Lake Placid Waterfront Properties, LLC (together, the "Companies"). The Companies have each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, and their jointly-administered cases are pending in this Court. *See In re Enclave at Hillsboro, LLC, et al.*, Lead Case No. 15-26155-EPK.

8. SFL is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, such that, to the best of my knowledge and belief, SFL, its members, officers and employees:

    a. Are not or were not an investment banker for any outstanding security of the Debtor; and

    b. Do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or an investment banker of the Debtor or for any other reason.

9. The professional fees and costs incurred by SFL in the course of its representation of the Debtor shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 330 and 331 and Rules 2014 and 2016 of Federal Rules of Bankruptcy Procedure.

10. The hourly rates for the attorneys at SFL range from $300.00 to $500.00. The hourly rate for Bradley Shraiberg, the primary attorney on this case is $500.00. The hourly rate of the legal assistants at SFL is $125.00.

11. Prior to the filing of the case, SFL received a $41,717.00 retainer, which includes the filing fee of $1,717.00. The retainer was provided by Boynton Waters Realty, Inc., a third party Florida corporation of which John Kennelly is the president and vice-president. (Mr. Kennelly is also the president and vice-president of the Debtor.)

12. There is no agreement of any nature, other than the partnership agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by SFL, nor any partner or associate thereof, as to the compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13. No attorney in our firm holds a direct or indirect claim or equity interest in the Debtor or has a right to acquire such interest.

14. Except as set forth herein, no attorney in our firm has had or presently has any connection with the Debtor's creditors on any matter in which the firm is to be engaged, except that I, our law firm, its partners and associates: (a) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; or (b) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

15. This concludes my declaration.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Bradley S. Shraiberg

SWORN TO AND SUBSCRIBED before me this 11th day of February 2016 by, who is known to me, or who produced _____ as identification.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

Print Name: Diana Woodall
Commission No. EE199177
My Commission Expires: May 16, 2016

DIANA WOODALL
Notary Public - State of Florida
My Comm. Expires May 16, 2016
Commission # EE 199177

{2056/000/00317205}    10