UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FOUNTAINS OF BOYNTON   Case No. 16-11690-EPK
ASSOCIATES, LTD.,

   Debtor.   Chapter 11
_____/

### *EMERGENCY* MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FOR FINAL HEARING

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to operate its business. The Debtor respectfully requests that this motion be set for hearing on February 18, 2016.**

Fountains of Boynton Associates, Ltd. (the "Debtor") files this *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and for Final Hearing* (the "Motion"), and states as follows:

### BACKGROUND

1.    On February 5, 2016 the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*

2.    The Debtor is operating its business and managing its assets as a debtor in possession pursuant to §§ 1107(a) of 1108 of the Code. No trustee, examiner, or statutory committee has been appointed in the case.

3.    The Debtor owns and operates real property (the "Real Property") that is part of a development commonly known as the Fountains of Boynton, which is located at the northwest corner of Jog Road and Boynton Beach Boulevard, in Boynton Beach, Florida.

4. Hanover Acquisition 3, LLC ("Hanover") is anticipated to assert a claim in this case for approximately $50 million, which is secured by a blanket lien on the Debtor's assets and cash. The Debtor reserves the right to challenge the validity, priority and extent of Hanover's claim(s).

5. The Debtor's proposed income and expenses for a thirty day period are set forth in the monthly budget (the "Budget") attached hereto as **EXHIBIT "A"**. The categories of expenses in the Budget are utilities, maintenance fees, insurance, sales taxes and a property tax escrow. The monthly escrow payment consists of one-twelfth of the amount of estimated annual property taxes assessed against the Real Property. Based on the Budget, the Debtor believes it will be cash flow positive.

6. The Debtor requires the use of cash collateral to fund necessary operating expenses of its business. As set forth below, the Debtor requests that the Court approve its use of cash collateral pursuant to the terms of the Budget, and further authorize the Debtor to (a) exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

## ARGUMENT

7. The Debtor's use of property of its estate is governed by Code section 363, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). A debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with § 363. *See* 11 U.S.C. § 1107(a).

8. When a chapter 11 debtor in possession is authorized to operate its business, it may use property of estate in the ordinary course of business, but is prohibited from using cash collateral absent consent of the secured creditor or court authorization. 11 U.S.C. § 363(c). The Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ." 11 U.S.C. § 363(a).

9. It is appropriate for the Court to authorize the Debtor to use cash collateral because (a) Hanover is being adequately protected and (b) such use will preserve the going concern value of the estate.

### A. Hanover is Adequately Protected.

17. The Bankruptcy Code does not define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in its collateral. *See* 11 U.S.C. § 361; *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral, and finding that the bank was adequately protected because the total value of the debtor's personal property exceeded the bank's indebtedness).

18. Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *see also* S. Rep. No. 95-989, 95th Cong., 2d Sess.

54 (1978). For example, *O'Connor* states that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." 808 F.2d at 1396. (citations omitted).

19. Adequate protection is meant to ensure that a secured creditor receives the value for which it originally bargained pre-bankruptcy. *Swedeland Dev. Group., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citation omitted). The essence of adequate protection is to ensure the maintenance and continued responsibility of lien values during the interim between filing and confirmation in a case. *In re Arriens*, 25 B.R. 79, 81 (Bankr. D. Or. 1982).

20. The adequate protection provided to Hanover includes (a) the Debtor's anticipated cash flow positive position, (b) replacement liens against the property of the Debtor for any use of cash collateral, with such liens having the same seniority and entitled to the same level of priority as the priority of Hanover's liens against the Debtor's property that existed prior to the Petition Date and (c) the escrowing of tax payments.

21. The Debtor's requested use of cash collateral and the protections afforded to Hanover herein are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of Hanover's alleged collateral.

**B.    Cash Collateral Use Will Preserve the Debtor's Going Concern Value.**

22. The continued operation of the Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a chapter 11 plan. However, if the Debtor is not allowed to use cash collateral, it will be unable to operate.

23. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern:

{2056/000/00317613}    4

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (debtor permitted to use cash collateral when creditor was undersecured because such use was necessary to its continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business).

24. If the Debtor cannot use cash collateral, it will be forced to cease operations. By contrast, permitting cash collateral use will allow the Debtor to maintain operations and preserve the going concern value of its business which will inure to the benefit of all creditors.

[Remainder of Page Intentionally Left Blank]

**WHEREFORE**, the Debtor requests that this Court enter an order substantially in the form of the proposed order attached as **EXHIBIT "B"** (1) granting the Motion; (2) authorizing the Debtor's use of cash collateral in accordance with the Budget and the terms set forth herein for a period of thirty (30) days from the date the Court grants the Motion; (3) granting the replacement liens set forth above in connection with the Debtor's use of cash collateral; (4) scheduling a final hearing; and (5) granting the Debtor such other and further relief as is just and proper.

Dated February 11, 2016

        Respectfully submitted,

        SHRAIBERG, FERRARA & LANDAU, P.A.
        Proposed Attorneys for the Debtor
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        bshraiberg@sfl-pa.com
        pdorsey@sfl-pa.com

        By: /s/ Bradley Shraiberg
            Bradley S. Shraiberg
            Florida Bar. No. 121622
            Patrick Dorsey
            Florida Bar No. 0085841

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

{2056/000/00317613}      6

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 11th day of February, 2016.

                                                /s/ Bradley S. Shraiberg
                                                 Bradley S. Shraiberg

# Exhibit A

**Monthly Budget**

Revenue
- expected monthly income — $242,000.00

Expenses

Monthly Utilities
| | |
|---|---:|
| Florida Power & Light | $2,700.00 |
| Palm Beach County Water Utilities Dept | $4,000.00 |
| Republic Services - Trash Haul | $2,400.00 |
| AT&T - phone line - elevator line | $150.00 |
| Advanced Fire & Security - fire alarm monitoring | $460.00 |
| Future Energy Solutions - monthly payment for parking lot lighting system | $1,810.00 |

Monthly Maintenance
| | |
|---|---:|
| Specimen Tree & Landscape Service - landscpae and sprinkler monthly maintenance | $11,500.00 |

Insurance
| | |
|---|---:|
| Flatiron Capital Insurance - Property Casualty, Terrorism, Windstorm and Liability Insurance policies - monthly premiums financed | $19,500.00 |

Sales Taxes
| | |
|---|---:|
| Florida Department of revenue - sales tax on rental income | $14,000.00 |

Property taxes
| | |
|---|---:|
| monthly contribution to property tax escrow - based upon 1/2th of estimated annual taxes of $613,348.23 (November amount) | $51,112.35 |

Total estimated expenses — $107,632.35

Net

Expected Monthly Surplus (Deficit) before Debt Service — $134,367.65

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FOUNTAINS OF BOYNTON         Case No. 16-11690-EPK
ASSOCIATES, LTD.,

   Debtor.                    Chapter 11
_____/

**ORDER GRANTING DEBTOR'S *EMERGENCY* MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FOR FINAL HEARING**

**THIS MATTER** came before the Court for hearing on February ___, 2016 upon Fountains of Boynton Associates, Ltd.'s (the "Debtor") *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and for Final Hearing* (the "Motion") [ECF No. ___]. The Court, having considered the Motion, the argument of counsel, and the record in this case, hereby

**ORDERS AND ADJUDGES** as follows:

1. The Motion is **GRANTED** on an interim basis subject to a final hearing.

2. <u>Use of Cash Collateral</u>.  The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget attached to the Motion as Exhibit A (the "<u>Budget</u>") for a period of thirty days from the date the Court grants the Motion.  The Debtor is also authorized: (a) to exceed any line item on the Budget by an amount equal to ten (10%) percent of each such line item; or (b) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

3. <u>Replacement Liens</u>.  Notwithstanding the provisions of § 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by § 552(b) of the Bankruptcy Code, the Debtor grants in favor of Hanover Acquisition 3, LLC ("<u>Hanover</u>"), as security for all indebtedness that is owed by the Debtor to Hanover, under the secured documentation, but only to the extent that Hanover's cash collateral is used by the Debtor, a post-petition security interest and lien in, to and against any and all assets of the Debtor, to the same extent and priority that Hanover held a properly perfected pre-petition security interest in such assets; <u>provided that</u>, however, under no circumstances shall Hanover have a lien on any causes of action arising under 11 U.S.C. § 542 *et seq.*, 547, 548, 549, 550, 551, or any of the Debtor's assets that it did not have a right to pre-petition.

4. <u>Duration.</u>  The use of cash collateral provisions in this Order shall remain in effect for a period of thirty days from the date the Court grants the Motion, or until otherwise ordered by the Court.

{2056/000/00317613}                                                      10

5.     <u>Final Hearing</u>. This Court shall hold a final hearing on cash collateral on _____ \_\_\_\_**, 2016 at \_\_\_:\_\_\_\_\_ \_\_\_\_.m.** at the United States Bankruptcy Courthouse, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.

###

Submitted by:

Patrick Dorsey, Esq.
Counsel for the Debtor
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047

<u>Copy to</u>: Patrick Dorsey, Esq., 2385 N.W. Executive Center Dr., Suite 300, Boca Raton, Florida 33431.  [Attorney Dorsey is directed to serve a copy of this Order upon all interested parties.]